UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**ESTHER SALAS**
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

February 5, 2018

## LETTER ORDER

Re:   *Kona Ice, Inc. v. Gonzalez, et al.*
      **Civil Action No. 17-7757 (ES) (SCM)**

Dear Counsel:

On February 2, 2018, the Clerk of Court entered default against the Defendants in this action. Below, the Court sets forth the various factors that must be addressed in support of any future motion for default judgment.

"Before entering default judgment, the Court must address the threshold issue of whether it has personal jurisdiction and subject matter jurisdiction over the parties." *Prudential Ins. Co. of Am. v. Bramlett*, No. 08-119, 2010 WL 2696459, at *1 (D.N.J. July 6, 2010).

Further, "[b]efore granting a default judgment, the Court must determine (1) whether there is sufficient proof of service; (2) whether a sufficient cause of action was stated; and (3) whether default judgment is proper." *Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012) (internal citations omitted). And, to determine whether granting default judgment is proper, the Court must make factual findings as to: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008).

"A court does not accept as true allegations pertaining to the amount of damages." *Days Inns Worldwide, Inc. v. Panchal*, No. 15-1459, 2015 WL 5055318, at *2 (D.N.J. Aug. 25, 2015) (citation omitted). "While the court may conduct a hearing to determine the damages amount, Fed. R. Civ. P. 55(b)(2), a damages determination may be made without a hearing as long as the court ensures that there is a basis for the damages specified in the default judgment." *Id.* (quotation marks and textual modifications omitted).

1

Accordingly, if moving for default judgment, the Court hereby orders Plaintiff to submit a letter-brief (no more than 7 pages) with any materials in support of the default judgment motion—which specifically addresses each of the above factors in an organized, easy-to-read format using headings (and, if necessary, sub-headings) and numbered paragraphs or bullet points.  To be sure, any such motion for default judgment must still comport with the requirements of this District's Local Rule 7.1 (e.g., Notice of Motion)—except for Rule 7.1(d)(4).

**SO ORDERED.**

>	*s/Esther Salas*
>	**Esther Salas, U.S.D.J.**