UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
ESTHER SALAS
UNITED STATES DISTRICT JUDGE

MARTIN LUTHER KING
COURTHOUSE
50 WALNUT ST.
ROOM 5076
NEWARK, NJ 07101
973-297-4887

January 9, 2019

## LETTER OPINION & ORDER

Re:  *Kona Ice, Inc., v. Gonzalez, et al.*
     Civil Action No. 17-7757 (ES) (SCM)

Dear Counsel:

Before the Court are Plaintiff Kona Ice, Inc.'s ("Plaintiff") motion for default judgment (D.E. No. 10) and Defendants Anthony Gonzalez, Cindy Gonzalez, and Snowball Factory's ("Defendants") motion to set aside default (D.E. No. 12). Plaintiff also requests attorney's fees for the costs associated with this motion. (*See* D.E. No. 13 at 6). The Court has considered the parties' submissions and decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court DENIES Plaintiff's motion for default judgment and request for attorney's fees, and GRANTS Defendants' motion to set aside default.

## I. BACKGROUND

Plaintiff is an assignee of U.S. Patent No. 8,157,136 ("the '136 Patent"). (D.E. No. 1 ¶¶ 7 & 8). The '136 Patent is directed to a "mobile confectionary apparatus for dispensing beverages and/or frozen confections and the like, includes a vehicle configured for travel over public roads to a location such as a parking lot, street, festival or fairgrounds, or the like." (D.E. No. 1, Ex. 1 '136 Patent at Abstract). Plaintiff alleges that "Defendants have infringed at least Claims 19, 21, 23 and 24" of the '136 Patent with their "service vehicles through which they offer frozen treats. . . ." (D.E. No. 1 ¶¶ 9 & 11).

Plaintiff filed its Complaint on October 2, 2017. (*See* D.E. No. 1). Plaintiff requested, and the Clerk of Court entered default as to Defendants, on February 2, 2018. (*See* D.E. No. 8). Plaintiff filed the instant motion for default judgment on May 7, 2018, and Defendants filed the instant motion to set aside default on May 10, 2018. (*See* D.E. Nos. 10 & 12).

## II. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55 governs default. Under Rule 55(a), a plaintiff can request the clerk's entry of default against a party that "has failed to plead or otherwise defend as

provided by these rules and that fact is made to appear by affidavit or otherwise." Fed. R. Civ. P. 55(a). Thereafter, a plaintiff can seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2). *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 521 n.1 (3d. Cir. 2006) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be entry default as provided by Rule 55(a)."). Finally, Rule 55(c) provides, "for good cause shown the court may set aside an entry of default and, if judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)."

Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73-74 (3d Cir. 1987) ("We have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment."). In weighing the factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort. *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) ("We reiterate what we have said on numerous occasions: that dismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, *National Hockey League*, 427 U.S. 639, 643 (1976), and are to be reserved for comparable cases."). To this end, district courts must resolve all doubt in favor of proceeding on the merits. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir.1987).

Because the Third Circuit mandates explicit factual findings, evidence regarding the circumstances leading up to the default becomes the polestar of the district courts' review. Thus, affidavits of individuals with personal knowledge of said circumstances are indispensable. Pursuant to Local Civil Rule 7.2(a), "Affidavits, declarations, certifications and other documents of the type referenced in 28 U.S.C. § 1746 shall be restricted to statements of fact within the personal knowledge of the signatory." Moreover, the Court must disregard any argument of facts and the law contained in the affidavits. *Id.* As one commentator notes, "the court has not hesitated to enforce the directives of this rule."[1]

**B. Analysis**

    **1. Meritorious Defense**

District courts must find this factor in favor of proceeding on the merits when the party subject to entry of default can proffer a meritorious defense. Facial merit will suffice to support a finding that this factor favors proceeding on the merits. *Emcasco Ins. Co.*, 834 F.2d at 74 ("We need not decide the legal issue at this time; it is sufficient that Sambrick's proffered defense is not facially unmeritorious [internal quotations omitted].").

---

[1] Defendants have submitted an affidavit to support setting aside default. (*See* D.E. No. 12-2). Plaintiff has not submitted an affidavit to support its factual allegations related to the circumstances leading up to default. (*See generally* D.E. Nos. 10 & 13).

In their moving brief, Defendants do not offer a single defense, much less a meritorious one. (*See* D.E. No. 12-1 at 5). However, in their reply brief, Defendants state "that Defendant's ice truck was in operation prior to Plaintiff obtaining the patent. It is unclear at this juncture how Defendant's truck used the methods for dispensing ices as set forth in Plaintiff's Complaint." (D.E. No. 14 at 2).[2] Although a little unclear, Defendants seem to argue noninfringement and prior commercial use defenses. (*See id.*); 35 U.S.C. §§ 282, 273(a).

The Court finds this factor neutral. *See* 35 U.S.C. §§ 282, 273(a).

### 2. Prejudice to Plaintiff

For purposes of this next factor, prejudice is established when a plaintiff's ability to pursue the claim has been hindered by "loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 657 (3d Cir.1982). Moreover, the fact that Plaintiff will have to prove its case on the merits does not constitute prejudice in this context. *Accu-Weather, Inc.*, 779 F. Supp. 801, at 802 (M.D. Pa. 1991) (citing *Nash v. Signore*, 90 F.R.D. 93, 95 (E.D. Pa. 1981)).

Plaintiff argues that it will suffer prejudice through monetary damages because it has sent several cease-and-desist letters to Defendants over the years, and because it has had to move to enter default and default judgment. (D.E. No. 13 at 4).

The Court finds that this factor weighs in favor of Defendants. A default judgment has not been granted, and Defendants have not shown "loss of available evidence [or] increased potential for fraud or collusion." *See Feliciano*, 691 F.2d at 657.

### 3. Culpability of Defendant

To find this factor in favor of default, district courts must find "flagrant bad faith." *Emcasco Ins. Co.*, 834 F.2d at 75 (citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)). This definition contemplates contumacious conduct that is strategic and self-serving as opposed to "innocent mishaps or mere mistakes." *Adams v. Trustees of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 876 (3d Cir. 1994). Indeed, the Third Circuit explicitly excluded "inexcusable negligent behavior" from the definition of "flagrant bad faith." *Adams*, 29 F.3d at 876.

Plaintiff argues that Defendants' knowing infringement and repeated disregard for the dispute evidences culpability. (D.E. No. 13 at 4-5). Plaintiff also argues that Defendants' making an appearance after Plaintiff incurred expenses, as well as Defendants' representation that they did not retain counsel until after entry of default, evidences culpability. (*Id.*). Defendants' counsel clarifies that although Defendant Anthony "Gonzalez contacted counsel at the end of January,"

---

[2] The Court admonishes Defendants for raising their meritorious defense argument for the first time in their reply brief. But given that "default is a sanction of last resort," the Court considers their argument. *See Poulis.*, 747 F.2d at 867-68.

3

Defendants had not retained counsel at the time of the January 29, 2018 letter. (D.E. No. 14 at 1). Finally, Defendant Anthony Gonzalez certified: "After I explained how much money I made selling 'ices' from the truck, Mr. Laufenberg suggested I attempt to resolve the case without him. My understanding was that it would cost too much money to hire the firm in relation to the money made selling ices." (D.E. 12-2 ¶ 3).

Considering Defendants' factual contention that "Snoball Factory made at most $1,700.00 in 2017" (*see* D.E. No. 12-1 at 3), this Court finds it reasonable to believe Defendant Anthony Gonzalez's certification that he first tried to settle the dispute without hiring a lawyer. (*See* D.E. 12-2 ¶ 3). Such behavior is "inexcusable negligent behavior"—not "flagrant bad faith." *See Adams*, 29 F.3d at 876. Consequently, the Court finds that the culpability factor weighs in favor of Defendants.

"[D]efault is a sanction of last resort." *Poulis,* 747 F.2d at 867-68. Here, the Court finds that the factors overall weigh in Defendants' favor and good cause exists for proceeding to the merits. For these reasons, the Court DENIES Plaintiff's motion for default judgment (D.E. No. 10) and GRANTS Defendants' motion to set aside default (D.E. No. 12).

### 4. Request for Attorney's Fees

For a court to impose attorney's fees as a sanction, a court must find that an attorney has "(1) multiplied proceedings; (2) in an unreasonable and vexatious manner; (3) thereby increasing the cost of the proceedings; and (4) doing so in bad faith or by intentional misconduct." *Marino v. Usher*, 673 F. App'x 125, 131 (3d Cir. 2016). For the same reasons the Court found in Defendants' favor on culpability, the Court finds that the fourth element is not met. Accordingly, the Court DENIES Plaintiff's request for attorney's fees.

## III. CONCLUSION

The Clerk of Court shall vacate the default and shall TERMINATE docket entry numbers 10 and 12.

**SO ORDERED.**

*s/Esther Salas*
**Esther Salas, U.S.D.J.**